UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENIOR SMITH, | Case No. 2:25-cv-1106-TLN-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| JASON SCHULTZ, | |
| Respondent. | |

Petitioner, a state prisoner, brings this action under section 2254. ECF No. 1. He acknowledges that his petition is well past the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") but argues that his petition should be considered because of new evidence indicating that he is actually innocent of the crime of which he was convicted. Out of an abundance of caution, I will dismiss the petition with leave to amend so that petitioner may explain why this action should still proceed. I will grant petitioner's application to proceed *in forma pauperis*, ECF No. 7.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

1

1   *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

2   Petitioner was convicted of selling a controlled substance in 2002, more than twenty years before this petition was filed. ECF No. 1 at 1. He argues that his petition should not be dismissed as untimely, however, because new evidence shows that he is actually innocent. Petitioner notes, not inaccurately, that actual innocence is an exception to AEDPA's one-year statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). To qualify for the exception, however, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 399. Here, petitioner argues that a police report that he did not obtain until 2009 is "new evidence" proving that his was a case of mistaken identity, and that another man committed the relevant crime. ECF No. 1 at 3, 16-17.

As an initial matter, petitioner offers no justification for his lengthy delay in presenting this new evidence that he indicates was available to him in 2009. *Id.* at 17. "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 569 U.S. at 386. Additionally, petitioner's evidence and theory of mistaken identity, as presented, do not show that it is more likely than not that no reasonable juror would convict him. As best I can tell, he argues that the police report's description of another man involved in selling drugs better fits the description of the perpetrator. ECF No. 1 at 17. This does little more than raise the possibility that another man committed the crime; it does not present an unassailable showing of innocence. *Schlup v. Delo*, 513 U.S. 298, 329 (1995) ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty.").

Petitioner also argues that he is entitled to relief under California Senate Bill 923. ECF No. 1 at 20. But state law cannot form the basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws,

or treaties of the United States.").

Rather than recommending dismissal of the case, I will dismiss the petition with leave to amend. Petitioner may file a new petition that addresses these deficiencies and explains why, if at all, his claims should proceed.

Accordingly, it is ORDERED that:

1. The petition, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send petitioner a habeas petition form with this order. If he files an amended complaint, he must use this form.

5. Petitioner's motion to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

IT IS SO ORDERED.

Dated:   July 31, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3