UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENIOR SMITH,

Petitioner,

v.

JASON SCHULTZ,

Respondent.

Case No.  2:25-cv-1106-TLN-JDP (P)

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, brings this action under section 2254.  ECF No. 12.  As I found in my previous screening order, his petition is well past the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Petitioner nevertheless argues that his petition should be considered because of new evidence indicating that he is actually innocent of the crime of which he was convicted.  I find that the petition does not sufficiently plead a claim of actual innocence and recommend that it be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

Petitioner was convicted of selling a controlled substance in 2002, more than twenty years before this petition was filed.  ECF No. 12 at 1.  He argues that his petition should not be dismissed as untimely, however, because new evidence shows that he is actually innocent.  *Id.* at 2.  Actual innocence is an exception to AEDPA's one-year statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013).  To qualify for the exception, however, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id*. at 399.  As I noted in my prior screening order, petitioner argues that a police report that he did not obtain until 2009 is "new evidence" that proves that his was a case of mistaken identity, and another man committed the relevant crime.  ECF No. 12 at 20.  Petitioner offers no justification for his lengthy delay in presenting this new evidence that he indicates was made available to him in 2009.  *Id.* at 17.  He does allege that his resources were limited by his incarceration, but this alone is insufficient to explain the delay.  "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."  *McQuiggin*, 569 U.S. at 386.  Additionally, petitioner's evidence and theory of mistaken identity, as presented, do not show that it is more likely than not that no reasonable juror would convict him.  His argument that the suspect identified in the police report fits someone else does little more than raise the possibility that another man committed the crime; it does not present an unassailable showing of innocence.  *Schlup v. Delo*, 513 U.S. 298, 329 (1995) ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty.").

Petitioner also alleges that the credibility of adverse witnesses is impugned by the police report.  ECF No. 12 at 20-21.  That may be but, again, it does not show that no reasonable juror would have found him guilty.  Rather, review of the petition indicates that it amounts to an impermissible attempt to relitigate his trial.  *See Herrera v. Collins*, 506 U.S. 390, 401 (1993) ("[T]he existence merely of newly discovered evidence relevant to the innocence of a state prisoner is not a ground for federal habeas corpus relief.").

Accordingly, it is RECOMMENDED that the amended petition, ECF No. 12, be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 6, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3